IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLYDE SHERWOOD MOSS,

    Petitioner,                               No. 2:07-cv-2429 FCD JFM (HC)

    vs.

TOM VOSSS, EXECUTIVE DIRECTOR
COALINGA STATE HOSPITAL,           FINDINGS AND RECOMMENDATIONS
    Respondent.
_____/

        Petitioner is a former state prisoner who has been subsequently confined under a civil commitment. He is proceeding pro se and in forma pauperis with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the 2001 conviction for failure to register as a sex offender within 5 working days of birthdate in violation of California Penal Code § 290, subdivision (g). He seeks relief on the grounds that the retroactive application of People v. Barker and People v. Sorden,[1] violated petitioner's constitutional rights. Upon careful consideration of the record and the applicable law, the undersigned will recommend that petitioner be denied habeas corpus relief.

---

[1] The Supreme Court of California has broadly interpreted the California registration statute's "willfulness" requirement to include instances where an individual has merely forgotten to register. People v. Barker, 34 Cal.4th 345, 18 Cal.Rptr.3d 260 (2004); but see People v. Sorden, 36 Cal.4th 65, 29 Cal.Rptr.3d 777 (2005) (holding that the failure to register because of a severe depression does not constitute a "willful" failure to register).

1

PROCEDURAL BACKGROUND

On August 3, 2001, sentence was imposed on petitioner for his conviction of failure to register as a convicted sex offender.  Petitioner waived his right to a jury trial on the alleged prior convictions, and the state court found petitioner was previously convicted of four "serious" and/or "violent" felonies, and that he had served a separate term of imprisonment for a felony conviction.  (CT at 54-6; 58.)  Petitioner was sentenced to serve 32 months in state prison.  (CT at 114-15, 125.)

Petitioner timely appealed the judgment on August 14, 2001.  (CT at 126-27.) The state appellate court reversed petitioner's conviction and sentence on May 23, 2003.  People v. Moss, 109 Cal.App.4th 56 (Cal.App.3d 2003) (Case No. C039117).

The California Supreme Court granted the People's petition for review on August 13, 2003, and issued an order deferring action pending disposition of People v. Barker, S115438. (Case No. S117313.)  On September 28, 2005, the California Supreme Court transferred Case No. C039117 back to the Court of Appeal, Third Appellate District, with directions to vacate its decision and reconsider the case in light of People v. Barker, 35 Cal.4th 345 (2004) and People v. Sorden, 36 Cal.4th 65 (2005).

On January 18, 2006, the California Court of Appeal, Third Appellate district, affirmed the judgment in Tehama County Superior Court case number NCR55080.  On May 10, 2006, petitioner's petition for review was denied by the California Supreme Court without comment.  (Case No. S141521).

On November 13, 2006, the United States Supreme Court denied petitioner's petition for writ of certiorari.  (Case No. 06-5743.)

On November 28, 2006, petitioner was found by a jury in the Tehama County Superior Court to be a sexually violent predator (hereinafter SVP) pursuant to § 6600 of the

/////

/////

Case 2:07-cv-02429-FCD-JFM   Document 21   Filed 11/13/09   Page 3 of 8

California Welfare and Institutions Code (hereinafter SVPA).[2]  On December 6, 2006, the Tehama County Superior Court issued an order for re-commitment[3] pursuant to Welfare and Institutions Code 6600 et. seq. and petitioner was civilly committed to Atascadero State Hospital. (Answer, Ex. C.)

On November 13, 2007, petitioner filed the instant petition.

FACTUAL BACKGROUND[4]

> As required by Subdivision (a)(1)(A) of Penal Code section 290, [petitioner] registered as a convicted sex offender when he moved to Red Bluff in May 2000.  However, he failed to update the registration within five working days of his birthday the next year, as required by subdivision (a)(1)(D) of Penal Code section 290. (Further section references are to the Penal Code unless otherwise specified.)
>
> Six working days late, [petitioner] went to the Red Bluff Police Department to update his registration, saying he had forgotten to do so on time.  He was arrested and prosecuted under subdivision (g)(2) of section 290, which makes it a crime to "willfully" violate any sex offender registration requirement of section 290.
>
> At trial, [petitioner's] position was that he was aware of the registration requirements but forgot to update his registration on time.  Indeed, [petitioner] testified, "I simply forgot."  When he remembered his obligation, he immediately drove to the police department and tried to register.
>
> The trial court would not allow [petitioner] to introduce the testimony of four witnesses, corroborated by a Tehama County Mental Health Department report, to show that he had borderline intellectual functioning and was forgetful.

---

[2] A sexually violent predator is defined in California law as "a person who has been convicted of a sexually violent offense against two or more victims and who has a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior."  Cal. Welf. & Inst. Code § 6600(a)(1).

[3] Although respondent did not provide a copy of a prior commitment order, the Tehama County District Attorney filed a petition to have petitioner committed as a sexually violent predator on August 14, 2003.  (Answer, Ex. A.)

[4] The following summary is drawn from People v. Moss, Case No. C039117 at 3-9 (January 18, 2006).  (Lodged Doc. 5.)

3

1        [Petitioner] was found guilty and was committed to state prison.

2 Id.

3 <div align="center">ANALYSIS</div>

4 I. General Standards

5        Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

       Under section 2254(d)(1), a state court decision is "contrary to" clearly established United States Supreme Court precedents "if it 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases', or if it 'confronts a set of facts that are materially indistinguishable from a decision'" of the Supreme Court and nevertheless arrives at different result. Early v. Packer, 573 U.S. 3, 8 (2002) (quoting Williams v. Taylor, 529 U.S. 362, 405-406 (2000)).

       Under the "unreasonable application" clause of section 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. Williams, 529 U.S. at 413. A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 412; see also Lockyer v. Andrade, 538 U.S. 63, 75 (2003) (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'")

1    The court looks to the last reasoned state court decision as the basis for the state
2 court judgment.  Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004).  Where the state
3 court reaches a decision on the merits but provides no reasoning to support its conclusion, a
4 federal habeas court independently reviews the record to determine whether habeas corpus relief
5 is available under section 2254(d).  Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003);
6 Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000).  When it is clear that a state court has not
7 reached the merits of a petitioner's claim, or has denied the claim on procedural grounds, the
8 AEDPA's deferential standard does not apply and a federal habeas court must review the claim
9 de novo.  Nulph v. Cook, 333 F.3d 1052, 1056 (9th Cir. 2003); Pirtle v. Morgan, 313 F.3d 1160,
10 1167 (9th Cir. 2002).

11 II.  Jurisdiction

12    In his answer, respondent argues that petitioner was no longer in custody within
13 the meaning of 28 U.S.C. §§ 2241(c)(3) and 2254(a) when he filed the instant petition on
14 November 13, 2007, because he had served his sentence on the underlying conviction.  Thus,
15 respondent contends the court lacks jurisdiction over the action.

16    District courts have subject matter jurisdiction to entertain habeas petitions only
17 from persons who are " 'in custody' under the conviction in violation of the constitution or laws
18 or treaties of the United States."  28 U.S.C. § 2241(c)(3).  The habeas petitioner must be "in
19 custody under the conviction or sentence under attack at the time his petition is filed."  Maleng v.
20 Cook, 490 U.S. 488, 490-91 (1989).  A conviction fully served cannot satisfy the "in custody"
21 requirement, even though it may possibly be used to enhance a subsequent sentence, and even if
22 this possibility "actually materializes."  Id. at 492; Feldman v. Perrill, 902 F.2d 1445, 1448 (9th
23 Cir.1990).

24    An incarcerated or paroled convict's challenge to the validity of his conviction
25 satisfies the case-or-controversy requirement because the incarceration or the restrictions
26 imposed by the terms of the parole constitute a concrete injury, caused by the conviction and

5

redressable by the invalidation of the conviction.  Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978 (1998).  Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole--some "collateral consequence" of the conviction--must exist if the suit is to be maintained and not considered moot.  Id.  Unlike challenges to criminal convictions, courts do not presume a collateral consequence to exist from an SVPA commitment, therefore, petitioner must demonstrate such consequences to defeat a mootness challenge.  See Jackson v. California Dept. of Mental Health, 399 F.3d 1069, 1073-74, 1074 n.4 (9th Cir.2005).

      Here, petitioner is challenging the legality of his 2001 conviction for which he is no longer in custody.  Petitioner was sentenced on August 3, 2001 to a determinate term of two years, 8 months, or 32 months total.  (CT 125.)  His prison sentence expired 32 months later, on April 3, 2004.[5]  Petitioner filed the instant action on November 13, 2007.  Thus, petitioner has already served the 32 month sentence he challenges in his habeas petition, and petitioner is no longer subject to any criminal custody arising from the 2001 conviction.  Because there is no presumption of collateral consequence from an SVPA commitment, petitioner must demonstrate some collateral consequence, see Jackson, 399 F.3d at 1073-74, 1074 n.4, and potential redressability, see Caswell, 363 F.3d at 836, to prove that his petition is not moot.

      Petitioner argues that he was incarcerated while pursuing his criminal appeal and that he would not have been subjected to the civil commitment proceedings had he not been in custody on the underlying criminal conviction.  However, the state court's determination that petitioner is an SVP is not a result of the criminal conviction at issue here.  The collateral consequences petitioner is now experiencing are a  result of the re-commitment proceeding in 2006 designating him as an SVP.  Cf. Carty v. Nelson, 426 F.3d 1064, 1071 (9th Cir.2005)

---

[5] This is the latest possible date the sentence could have expired; it does not take into account the 54 days' credit for time served (CT 125) or any good time credits petitioner may have earned.  The sentencing form included no information concerning parole.  (CT 125.)

Case 2:07-cv-02429-FCD-JFM   Document 21   Filed 11/13/09   Page 7 of 8

(concluding that a challenge to an original commitment proceeding, even after release from civil commitment under the SVPA, can satisfy case or controversy because of the concrete injury of verifying resident and employment periodically); <u>Jackson</u>, 399 F.3d at 1075 (concluding that harm to reputation is not a sufficient injury to avoid mootness). Petitioner's underlying habeas petition does not challenge the original commitment proceeding or his designation as an SVP. Therefore, petitioner cannot and does not show an actual or concrete injury, nor can he link these allegations of collateral consequences to the underlying criminal conviction at issue here. <u>See</u> <u>Carty</u>, 426 F.3d at 1071.

Moreover, petitioner does not demonstrate that invalidating his 2001 conviction would provide petitioner with any redress. <u>See id.</u> Even if petitioner's 2001 conviction were invalidated by the federal court, his original SVP commitment, and all the obligations that come with having been adjudicated an SVP remain unaffected. <u>See</u> Cal. Welf. & Inst.Code § 6600 et. seq.; Cal.Penal Code §§ 290, 290.001, 290.004. Therefore, any favorable judicial decision is unlikely to provide petitioner with relief.

Accordingly, IT IS HEREBY RECOMMENDED that this action be summarily dismissed for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that

/////
/////
/////
/////
/////

7

failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 12, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

/001; moss2429.157